## Citibank (South Dakota) N.A., Bank v. Ananiev

C.P. of Monroe County, no. 1187 CIVIL 2010.

*Neil Sarker,* for plaintiff.
*Bernardi A. Anderson,* for defendant.

VICAN, *J.,* June 15, 2010—

### OPINION

This matter comes before the court on defendant's preliminary objections to complaint. A brief procedural

history follows: plaintiff commenced this action on February, 16, 2010, seeking $25,631.54 plus the costs of this action. On March 26, 2010, defendant filed preliminary objections to plaintiff's complaint based plaintiff's: (1) failure to attach a writing to establish a contract between the parties; (2) failure to establish its right to sue on behalf of AT&T Universal Card, as that is the credit card issuer; (3) failure to attach any document that shows how the debt was incurred and how the figure was calculated; (4) failure to specifically state its claimed special damages; and (5) failure to join a necessary party.

On April 12, 2010, plaintiff filed an answer to preliminary objections to complaint, stating that its action is not based upon a credit card agreement, but rather based upon on account stated. Plaintiff argues that an account stated cause of action is appropriate in a consumer credit action and that the statement of account reflecting the balance due has been attached to the complaint. Oral argument was held on May 3, 2010; both parties have filed briefs and we are now ready to dispose of this matter.

Preliminary objections will be sustained where a creditor files a complaint in debt collection against credit card debtors and fails to meet the requirements of Pa.R.C.P. 1019(i), which states,

"[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing."

The Superior Court in *Atlantic Credit and Finance Inc. v. Guiliana,* 829 A.2d 340, 344 (Pa. Super. 2003), found that preliminary objections of debtor based on failure of creditor to produce a cardholder agreement and statement of account should have been sustained and therefore remanded the case back to trial court, giving the creditor 20 days to amend its complaint.

In the present case, plaintiff attaches a single account summary, arguing that it is unnecessary to attach a contract or any other documentation since the case is being brought under an "accounts stated" cause of action. While plaintiff is correct in its position that an action can be based on the theory of accounts stated, under that theory the complaint must include allegations which would support a finding that the cardholder has agreed to, or acquiesced in the correctness of the account. *David v. Veitscher,* 348 Pa. 335, 341-42, 35 A.2d 346, 349 (1944).

Here, plaintiff claims that defendant's acquiescence exists in her failure to object to the monthly statements sent to her home. We find that plaintiff's reliance on those statements to aver defendant's agreement to the terms within such statements is self-defeating. By plaintiff's own admission, defendant has agreed to terms in a series of writings that have been sent to her home, evidenced by her corresponding payments. Therefore, we find that the writings to which plaintiff refers must be attached in accordance with Pa.R.C.P. 1019(i).

## ORDER

And now June 15, 2010, upon consideration of the pleadings and briefs of the parties, it is hereby ordered

that defendant's preliminary objections are sustained in part; overruled in part.

We sustain defendant's preliminary objections inasmuch as plaintiff has failed to comply with Pa.R.C.P. 1019(i), failure to attach a writing upon which an agreement is based; We overrule defendant's preliminary objections inasmuch as plaintiff has proven to be the rightful complaintant and has stipulated that special damages are not being claimed.

It is further ordered that plaintiff is given leave to file an amended complaint within 20 days of the date of this order. If plaintiff files an amended complaint that does not substantially address the preliminary objections of defendant, this court, on motion of defendant, may dismiss the amended complaint with prejudice and order counsel fees imposed against plaintiff.